Alla Kachan, Esq.
Law Offices of Alla Kachan
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347)342-3156

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 7

**Dmitry Tsiarletski a/k/a**                              Case No. 19-43467 (CEC)
**Dzmitry Tsiarletski**,

                            Debtor.
-------------------------------------------------------X

## NOTICE OF MOTION FOR VIOLATION OF AUTOMATIC STAY

**PLEASE TAKE NOTICE** that a hearing to consider the above-captioned Debtor's Motions for violation of automatic case shall be conducted before the Honorable Carla E. Craig, United States Bankruptcy Judge, on **May 12, 2020 at 11:00 A.M.** at the United States Bankruptcy Court - Eastern District of New York, 271 Cadman Plaza, Brooklyn, New York 11201, Courtroom 3529, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the within Motions must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated: Brooklyn, New York                    */s/ Alla Kachan*
       April__, 2020                                       Alla Kachan, Esq.
                                                                      Law Offices of Alla Kachan
                                                                      3099 Coney Island Avenue, 3rd Floor
                                                                      Brooklyn, NY 11235

Alla Kachan, Esq.
Law Offices of Alla Kachan
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347)342-3156

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                  Chapter 7

**Dmitry Tsiarletski a/k/a**                           Case No. 19-43467 (CEC)
**Dzmitry Tsiarletski**,

                              Debtor.
-------------------------------------------------------X

## MOTION FOR VIOLATION OF AUTOMATIC STAY

Dmitry Tsiarletski, the debtor in the above-captioned bankruptcy case (the "Debtor"), by his counsel, Law Offices of Alla Kachan, P.C, hereby files this Motion for violation of automatic stay (the "Motion"), and in support thereof avers as follows:

### INTRODUCTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On June 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1*.

3. The Meeting of Creditors pursuant § 341 was scheduled and held on July 12, 2019.

4. On February 20, 2020, DECORREX, LLC filed a Complaint in the Superior Court of New Jersey against the Debtor (the "Complaint"). The Complaint is attached herein as an

Exhibit A.

**RELIEF REQUESTED**

5. The automatic stay is one of the most fundamental debtor protections provided by the Bankraptcy Code. *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986)*. Under Section 362 of the Code, the filing of bankruptcy petition automatically stays commencement and continuation of proceedings against the Debtor. *11 U.S.C. § 362(a)(1)*.

6. Congress intended the scope of the automatic stay to be broad to effectuate its protective purposes. *H.R. Rep. No. 95-595 at 340 (1977); S. Rep. No. 95-989 at 49 (1978), reprinted in 1978 U.S.C.C.A.N. 5987, 6296-97; see also In re Drexel Burnham Lambert Group Inc., 113 B.R. 830, 836 (Bankr. S.D.N.Y. 1990)*.

7. In the Second Circuit, actions violating the automatic stay are generally void ab initio. See generally *Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994) (citing 48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc., 835 F.2d 427, 431 (2d Cir. 1987*)). Further, an individual debtor injured by a willful violation of the stay can recover actual damages, and in certain circumstances, punitive damages. *See 11 U.S.C. § 362(k)(1)*.

8. Here, the Complaint was filed against the Debtor after the Petition date, June 5, 2020. Upon information and belief, DECORREX LLC was properly informed about the Debtor's bankruptcy filing as the Debtor listed DECORREX LLC in the Schedule E of its' Petition and on June 7, 2019, the US Bankruptcy Court of the Eastern District served DECORREX LLC, the Creditor with the Notice of Filing. *See ECF Doc. No. 6*.

9. Additionally, the Creditor, DECORREX LLC mentioned this information in the Complaint.

10. Consequently, the Creditor, notwithstanding having been served by the Court with

Notice of Filing of a Voluntary Chapter 7 Petition, knowingly and willfully filed a Complaint against the Debtor after the filing date when the automatic stay was in effect.

11. Further, as stated above, a redress for violation of the stay is available under § 362(k)(1), which provides that a debtor injured by a "willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *11 U.S.C. § 362(k)(1).*

*12.* A deliberate action that violates the automatic stay, taken while the violator knew that the stay was in effect, justifies an award of actual damages, with no further showing necessary. *Cyrsen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d Cir. 1990); In re Robinson, 228 B.R. 75, 80 n.5 (Bankr. E.D.N.Y. 1998).* The action itself being deliberate suffices to constitute a willful violation of the stay, even if the fact that the action would violate the stay was unknown to the offender. *See In re Robinson, 228 B.R. at 80 n.5; In re Olejnik, No. 09-76714-AST, 2010 WL 4366183, at \*5 (Bankr. E.D.N.Y. Oct 28, 2010) (citing In re Bresler, 119 B.R. 400, 402 (Bankr. E.D.N.Y. 1990)).*

*13.* In the present case, DECORREX's knowledge of the pending bankruptcy case is undisputed. Even if DECORREX LLC believed it was not violating the stay, that fact does not insulate DECORREX's actions from being a willful violation under Section 362(k)(1) of the Code. *See 11 U.S.C. § 362(k)(1).*

14. By this motion the Debtor seeks redress for violation committed by the Creditor in connection with its action in filing the Complaint in violation of the automatic stay imposed in this case, pursuant to 11 U. S. C. § 362, by the debtor's bankruptcy.

15. In order to protect the Debtor in this case, this Court should impose sanctions against DECORREX LLC for willful violation of automatic stay.

16. Therefore, as a result of the Creditor's violation of 11 U. S. C. § 362, the Creditor is liable to the Debtor for actual damages, punitive damages and legal fees under 11 U. S. C. § 105.

17. **WHEREFORE**, the Debtor respectfully requests that an order be entered granting the relief requested and any other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York　　　　　　　　Respectfully submitted,
　　　　April 14, 2020

　　　　　　　　　　　　　　　　　　　　*/s/ Alla Kachan*
　　　　　　　　　　　　　　　　　　　　Alla Kachan, Esq.
　　　　　　　　　　　　　　　　　　　　Law Offices of Alla Kachan, P.C.
　　　　　　　　　　　　　　　　　　　　3099 Coney Island Avenue, 3rd Floor
　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11235
　　　　　　　　　　　　　　　　　　　　Tel.: (718) 513-3145